Estate of Joseph Clarke, Cresence E. Clarke, Bradlee Fulton Clarke and Garald K. Richardson, Executors v. Commissioner.
Estate of Joseph Clarke v. Commissioner
Docket No. 7229.
United States Tax Court
1946 Tax Ct. Memo LEXIS 108; 5 T.C.M. (CCH) 699; T.C.M. (RIA) 46196; August 9, 1946
*108 G. K. Richardson, Esq., for the petitioner. Charles N. Nyquist, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: The amount of the deficiency in estate tax was determined to be $9,513.24. The estate tax return was filed with the collector for the district of Massachusetts. All of the facts have been stipulated, and they are hereby found accordingly. [The Facts] The question is as to the inclusion in the gross estate of 74 shares of Craigie Company stock which decedent "assigns and delivers" to trustees under an inter vivos agreement and which were so held at the time of his death. Decedent and his wife, Amy Clarke, had been living apart for some years prior to July 2, 1926, the date of the agreement. The purpose was to provide for the wife's support and that of a minor son, Bradlee. Only in the event that decedent failed to pay to the trustee the monthly sum of $275 for that purpose, or that the trustee should be of the opinion that the stock had become impaired as "security," was it to enforce the power by means of the stock to exercise its control of the company. Provision is made for distribution upon the death of the wife. Among other *109 contingencies mentioned, if decedent has then survived his son, the former is entitled to the entire estate; if the son has survived the decedent, the son takes all. Throughout his life decedent paid the stipulated sums, and continued to receive dividends on the stock, as long as there were any such, and to retain control and manage the company. The parties have stipulated the value of the stock on the date of death, and also of an annuity at the rate of $275 a month payable to a woman of the age of Amy Clarke. [Opinion] If this transfer is dealt with as an assignment of definitive interests in trust, it becomes clear that the life estate of the wife, which decedent's death could not alter, should be deducted from the stock value in any event, see e.g., ; that decedent's retained interest in the income was not sufficient to make the transfer taxable in full since it was made prior to 1931, ; and that interests beyond that of the wife were dependent on survivorship of decedent and hence includible. See ; . *110 In our view, however, a simpler and more accurate description of the present arrangement is that his entire interest in the stock was not transferred by decedent but merely so much as was necessary to constitute security for the specified payments to the wife. Such an approach, or its close approximation, counsel for both parties virtually concede. In that view, the question becomes purely a matter of valuation - how much was the worth of this property of the estate, namely, the stock encumbered not by a direct obligation of the estate to pay, but by a charge for the monthly payments to the wife. On that concept the decision was formulated at the time the case was heard: Under the terms of the trust, it is our view that the retained interest of the decedent and the amount which should be included in his estate is the difference between the stipulated value of the property, $37,000, and the value at age 62, the age of the widow, of a life annuity of $275 per month, namely, the amount of $29,503.10. Decision will be entered under Rule 50.